David J. McGlothlin, Esq. (SBN 026059)
david@kazlg.com
**Kazerouni Law Group, APC**
2633 E. Indian School Road, Ste 460
Phoenix, AZ  85016
Phone: 800-400-6808
Fax: 800-520-5523

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA, PHOENIX DIVISION

| | |
|---|---|
| Chloe Diaz, on behalf of herself and other individuals similarly situated,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>Arizona Board of Regents,<br><br>　　　　　Defendant. | Case No.<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR:**<br><br>BREACH OF CONTRACT CONVERSION; AND COMMON LAW UNJUST ENRICHMENT<br><br>**DEMAND FOR JURY TRIAL** |

CLASS ACTION COMPLAINT

Named Plaintiff Chloe Diaz (hereinafter "Plaintiff"), individually and on behalf of all others similarly situated, by her attorneys, alleges the following upon information and belief, except for those allegations pertaining to Plaintiff, which are based on personal knowledge.

## NATURE OF THE ACTION

1. This class action is brought on behalf of Named Plaintiff Chloe Diaz and those similarly situated who paid tuition and fees for the Spring 2020 semester at Arizona State University and Sandra Day O'Connor College of Law. As a result of Defendants' response to the Novel Coronavirus Disease 2019, ("COVID-19") Plaintiffs did not receive the benefit and services for which they bargained for when they provided payment for tuition and various fees.

2. Plaintiffs and Defendants entered into a contract where Plaintiffs would provide payment in the form of tuition and fees and Defendants would provide in-person educational services, experiences, opportunities, and other related services.

3. On or around March 16, 2020, Arizona State University canceled all in-person education and transitioned to complete online education, following Spring Break recess.

4. Based on these closures Defendants have failed to uphold their end of the contract to provide in-person educational services and other related collegiate experiences and services.

5. Despite Defendants' failure to provide the services and experiences as bargained for, Defendants have not offered any refund of the tuition and fees that Plaintiff and the Class had paid.

## FACTS

6. Plaintiff and Class Members are individuals that paid tuition and fees for the Spring Semester 2020 at Arizona State University.

7. Defendants accepted Plaintiff's and Class Members' payments in

exchange for educational services, experiences, and opportunities as detailed in Defendants marketing, advertisements, and other public representations.

8. Based on the academic schedule, the Spring 2020 semester at Arizona State University commenced on or around January 13, 2020, and was scheduled to conclude on or around May 9, 2020.

9. Plaintiff Chloe Diaz was a law student at Sandra Day O'Connor College of Law during the Spring 2020 semester. Sandra Day O'Connor College of Law is a graduate school in the Arizona State University system. Sandra Day O'Connor College of Law charged plaintiff approximately $23,207.00 in tuition during the Spring 2020 semester. Additionally, Plaintiff paid a total of approximately $23,651 inclusive of tuition and other various fees for the Spring 2020 semester.

10. Plaintiffs paid tuition and fees for in-person educational services, experiences, opportunities, and other related collegiate services for the entire period beginning in or around January 2020 through mid-May 2020.

11. According to publicly available information, the average tuition cost for in-state resident for the Spring 2020 semester at Arizona State University is approximately $10,710.00. Students also pay a total of approximately $22,854.00-$31,912.00 inclusive of various fees, room and board, meal plan, books, and other expenses, depending on the campus. The average tuition cost for out-of-state residents for the Spring 2020 semester at Arizona State University is approximately $10,368.00-$28,800.00, depending on the campus. Students also pay a total of approximately $26,796.00-$50,752 inclusive of various fees, room and board, meal plan, books, and other expenses, depending on the campus. The average tuition and fee cost for a resident Sandra Day O'Connor College of Law student for the Spring 2020 semester is approximately $28,058.00, and approximately $22,714.00 in fees, room and board, books, and other costs. The average tuition and fee cost for a non-resident Sandra Day O'Connor College of

Law student for the Spring 2020 semester is approximately $47,302.00 and approximately $22,714.00 in fees, room and board, books, and other costs.

12. On or around March 11, 2020, Arizona State University announced that because of COVID-19 they would suspend all in-person classes for the remainder of the Spring Semester 2020 beginning on or around March 16, 2020 (following Spring Break recess) and that all learning would transition to online.

13. Defendants were unable to provide in-person educational experiences, services, and opportunities for approximately 45% of the Spring 2020 semester.

14. Prior to the suspension of in-person classes for the Spring 2020 semester, Plaintiff attended campus events and was involved in student activities and clubs.

15. As a result of Defendants' closure, Defendants have not complied with their obligation to provide in-person educational services along with other experiences, opportunities, and services Plaintiff and the Class paid for.

16. Plaintiff and the Class did not enter into an agreement with Defendants for online education, but rather sought to receive in-person education from Defendants institution.

17. Therefore, Plaintiff and Class Members are entitled to a pro-rata refund of the tuition and fees they paid to Defendants for in-person educational services as well as other marketed collegiate experiences and services that were not provided.

## JURISDICTION AND VENUE

18. This Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332(d)(2)(A), as modified by the Class Action Fairness Act of 2005, because at least one member of the Class, as defined below, is a citizen of a different state than Defendants, there are more than 100 members of the Class, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs.

19. This court has personal jurisdiction over Defendants because Defendants maintains its principal place of business in this District.

20. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendants' operate their primary campus within this district.

## PARTIES

21. Plaintiff Chloe Diaz is a student and a resident of Rosharon, Texas 77583. Plaintiff was enrolled as a full-time law student at Sandra Day O'Connor College of Law during the Spring 2020 semester. Plaintiff has not received a refund of tuition and fees paid to Defendants, despite the fact that the University has been shut down since on or about March 16, 2020.

22. Defendant Arizona Board of Regents ("Board of Regents") is the governing board for Arizona's public universities whose principal place of business is located in Phoenix, Arizona.

## CLASS ALLEGATIONS

23. Plaintiff brings this matter on behalf of herself and those similarly situated. As detailed in this Complaint, Defendants failed to provide the in-person education services the Plaintiffs paid tuition and fees to receive during the Spring Semester 2020.

24. Plaintiffs were impacted by and damaged by this misconduct.

25. Accordingly, this action is ideally situated for class-wide resolution.

26. The Class is defined as all individuals who paid tuition and fees to Arizona State University to receive in-person educational services, experiences, and opportunities during the Spring Semester 2020. ("Class").

27. The Class is properly brought and should be maintained as a class action under FRCP 23 satisfying the class action prerequisites of numerosity, commonality, typicality, and adequacy because:

28. <u>Numerosity</u>: Class Members are so numerous that joinder of all members is impracticable. Plaintiff believes that there are thousands of

individuals who are Class Members described above who have been damaged by Defendants' breach of contract.

29. <u>Commonality</u>: The questions of law and fact common to the Class Members which predominate over any questions which may affect individual Class Members include, but are not limited to:

    a. Whether Defendants accepted money from Plaintiff and Class Members in exchange for a promise to provide services;

    b. Whether Defendants provided those services as bargained for;

    c. Whether Plaintiff and the Class Members are entitled to a pro-rata portion of the tuition and fees paid for services that were not provided.;

    d. Whether Defendants were unjustly enriched;

    e. Whether Defendants converted money from the Plaintiff and Class Members.

30. <u>Typicality</u>: Plaintiff is a member of the Class. Plaintiff's claims are typical of the claims of each Class Member in that every member of the Class was subject to Defendants' breach of contract, unjust enrichment and conversion. Plaintiff is entitled to relief under the same causes of action as the other Class Members.

31. <u>Adequacy</u>: Plaintiff is an adequate Class representative because her interests do not conflict with the interests of the Class Members she seeks to represent; her claims are common to all members of the Class and she has a strong interest in vindicating her rights; she has retained counsel competent and experienced in complex class action litigation and they intend to vigorously prosecute this action. Plaintiff has no interests which conflict with those of the Class. The Class Members' interests will be fairly and adequately protected by

Plaintiff and her counsel. Defendants have acted in a manner generally applicable to the Class, making relief appropriate with respect to Plaintiff and the Class Members. The prosecution of separate actions by individual Class Members would create a risk of inconsistent and varying adjudications.

32. The Class is properly brought and should be maintained as a class action under FRCP 23 because a class action is superior to traditional litigation of this controversy. Common issues of law and fact predominate over any other questions affecting only individual members of the Class. The Class issues fully predominate over any individual issue because no inquiry into individual conduct is necessary; all that is required is a narrow focus on Defendants' deceptive and misleading practices.

33. In addition, this Class is superior to other methods for fair and efficient adjudication of this controversy because, *inter alia:*

34. <u>Superiority</u>: A class action is superior to the other available methods for the fair and efficient adjudication of this controversy because:

 a. The joinder of thousands of individual Class Members is impracticable, cumbersome, unduly burdensome, and a waste of judicial and/or litigation resources;

 b. The individual claims of the Class Members may be relatively modest compared with the expense of litigating the claim, thereby making it impracticable, unduly burdensome, and expensive-if not totally impossible-to justify individual actions;

 c. When Defendants' liability has been adjudicated, all Class Members' claims can be determined by the Class and administered efficiently in a manner far less burdensome and expensive than if it were

        attempted through filing, discovery, and trial of all individual cases;

    d. This class action will promote orderly, efficient, expeditious, and appropriate adjudication and administration of Class claims;

    e. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action;

    f. This class action will assure uniformity of decisions among Class Members;

    g. The Class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitious litigation;

    h. Class Members' interests in individually controlling the prosecution of separate actions are outweighed by their interest in efficient resolution by single class action; and

    i. It would be desirable to concentrate in this single venue the litigation of all plaintiffs who were induced by Defendants' deceptive and discriminatory consumer practices.

35. Accordingly, this Class is properly brought and should be maintained as a class action under FRCP 23 because questions of law or fact common to Class Members predominate over any questions affecting only individual members, and because a class action is superior to other available methods for fairly and efficiently adjudicating this controversy.

36. Plaintiff and the Class can maintain this action as a class action under FRCP 23(b)(1), (2), and (3).

## FIRST CAUSE OF ACTION

## BREACH OF CONTRACT

**(On Behalf of Plaintiff and All Class Members)**

37. Plaintiff, on behalf of herself and other members of the class, brings a common law claim for Breach of Contract.

38. By accepting payment, Defendants entered into contractual arrangements with Plaintiff and Class Members to provide educational services, experiences, opportunities, and related services for the Spring Semester 2020.

39. Plaintiff and Class Members' payment of tuition and fees were intended to cover in-person education, experiences, and services from January through May 2020.

40. Defendants received and retained the benefits without providing those benefits to Plaintiff and Class Members.

41. As a direct and proximate result of Defendants breach of contract Plaintiff and Class Members have been harmed by not receiving the educational experiences, opportunities, and services they paid for during the Spring Semester 2020.

42. Defendants are required to perform under the contract and COVID-19 does not excuse such performance. Therefore, Defendants should be required to return pro-rata shares of the tuition and fees paid by Plaintiff and Class Members that related to services that were not provided for after Arizona State University shut down on or around March 16, 2020.

## SECOND CAUSE OF ACTION

## CONVERSION

**(On Behalf of Plaintiff and All Class Members)**

43. Plaintiff, on behalf of herself and other members of the Class, brings a common law claim for Conversion.

44. Plaintiff and Class Members have an ownership right to the in-

person educational services based on their payment of tuition and fees for the Spring Semester 2020.

45. Defendants intentionally interfered with Plaintiff and the Class Members' ownership right when they canceled in-person instructions for the remainder of the Spring Semester 2020.

46. Plaintiff and the Class Members were damaged by Defendants interference as they paid for educational experiences, services, and opportunities for the entirety of the Spring Semester 2020 which were not provided.

47. Plaintiff and the Class Members are entitled to a pro-rata share of the tuition and fees they paid for but were not provided resulting from Defendants interference.

## THIRD CAUSE OF ACTION
## COMMON LAW UNJUST ENRICHMENT

**(On Behalf of Plaintiff and All Class Members in the Alternative)**

48. Plaintiff, on behalf of herself and other members of the class, brings a common law claim for unjust enrichment.

49. Plaintiff and Class Members conferred financial benefits and paid substantial tuition and fees to Defendants for educational and related services for the Spring Semester 2020. As bargained for these tuition and fee payments were intended to cover in-person education throughout the entire Spring Semester 2020 of January through May 2020.

50. Defendants accepted the obligation to provide such services when they accepted payment.

51. Defendants retained these payments, despite Defendants failing to provide the bargained for educational, experiences, and services for which the tuition and fees were collected to cover. Defendants should be required to return a pro-rated share of any Spring Semester 2020 tuition and fees, of which services were not provided as bargained for, since Arizona State University shut down on

or around March 16, 2020.

52. Under common law principles of unjust enrichment, it is inequitable for Defendants to retain the benefits conferred by Plaintiff's and Class Members' overpayments.

53. Plaintiff and Class Members seek disgorgement of all profits resulting from such overpayments and establishment of a constructive trust from which Plaintiff and Class Members may seek restitution.

## DEMANDS FOR RELIEF

54. Plaintiff demands a trial by jury on all issues.

**WHEREFORE,** Plaintiff, on behalf of herself and the Class, pray for judgment as follows:

(a) Declaring this action to be a proper class action and certifying Plaintiff as the representative of the Class under FRCP 23;

(b) Awarding monetary damages, including damages;

(c) Awarding punitive and treble damages;

(d) Awarding Plaintiff and Class Members their costs and expenses incurred in this action, including a reasonable allowance of attorney's fees for Plaintiff's attorneys and experts, and reimbursement of Plaintiff's expenses; and

(f) Granting such other and further relief as the Court may deem just and proper.

Respectfully Submitted this 8th Day of June, 2020

**KAZEROUNI LAW GROUP, APC**

By: /s/ David J. McGlothlin
David J. McGlothlin, Esq.
*Counsel for Plaintiff and the Proposed Class*